UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Felicia Ross,** ) | **CASE NO. 1:15 CV 2121** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **State of Ohio,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### INTRODUCTION

*Pro se* Plaintiff Felicia Ross filed this action against the State of Ohio, the Bedford Police Department, and Timko's Tavern. In the Complaint, Plaintiff claims an employee at Timko's Tavern refused to serve her because of her race and gender, and caused her to be arrested for disorderly conduct and criminal trespass/refusal to leave. She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

### BACKGROUND

Plaintiff claims she was refused service by a Caucasian female employee of Timko's Tavern in Bedford. She states, with no further explanation, that the female employee violated her First and Fourteenth Amendment rights because Plaintiff is an African American woman. Someone at Timko's Tavern summoned Bedford Police. Plaintiff states she was leaving

voluntarily when they arrived.  The officers asked her to explain what had happened, and she told them she was refused service because of her race and was asked to leave.  She indicates she was invited to come to the bar for a drink.  As she was leaving, she claims she shook hands with two Caucasian men and said, "God Bless You."  She indicates she was arrested.  She asserts claims for racial and gender discrimination, denial of religious freedoms, false arrest, and use of excessive force, in violation of her First and Fourteenth Amendment rights.

Plaintiff was charged on September 10, 2015 with criminal trespassing/refusal to leave and disorderly conduct.  She pled no contest to disorderly conduct on November 18, 2015 in exchange for dismissal of the other charge.  The court imposed a fine of $308.00.

In addition, Plaintiff claims she was held at the jail for ten hours.  She states the cell had no air ventilation, making it difficult for her to breathe.  She banged on the cell door with food trays that had been left in the cell.  An officer looked in on her and did not find her to be in any physical distress.  She contends they were trying to kill her.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

**I.      42 U.S.C. § 1983**

As an initial matter, Plaintiff does not specify a particular legal cause of action she wishes to pursue.  Because she asserts claims based on the denial of constitutional rights, it is possible she intended to pursue an action under 42 U.S.C. § 1983.

Plaintiff, however, cannot bring a civil rights action against the State of Ohio or the Bedford Police Department.  The State of Ohio is immune from litigation in federal court by the Eleventh Amendment to the United States Constitution.  *Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir.1997).  The Bedford Police Department is not *sui juris*, meaning it cannot sue or be sued.  *See Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug.

24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987). *See also Messer v. Rohrer*, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). Instead, the police department is a sub-unit of the municipality it serves. *Id.* In this case, Plaintiff's claims against the Bedford Police Department are construed against the City of Bedford.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality, therefore, can be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff's Complaint contains no suggestion of a custom or policy of the City of Bedford which may have violated her constitutional rights. Plaintiff's claims against the City of Bedford are dismissed.

Finally, Plaintiff fails to state a claim against Timko's Tavern under 42 U.S.C. § 1983. She indicates Timko's Tavern violated her constitutional rights when one of their employees refused to serve her based on her race and gender. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under

color of state law," the person committing the alleged constitutional violation must be a state or local government official or employee.

Timko's Tavern is not a government agency but instead is a private party. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A private party may also be considered a state actor if the party exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Plaintiff does not allege any facts suggesting Timko's Tavern could be considered a state actor for purposes of § 1983 litigation.

**II.     42 U.S.C. § 1981**

Another statute, 42 U.S.C. §1981, prohibits intentional racial discrimination by both public and private actors in the context of contractual relationships. *Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006); *Chapman v. Higbee Co.*, 319 F.3d 825, 829-32 (6th Cir. 2003); *Christian v. Wal–Mart Stores, Inc.*, 252 F.3d 862, 867–68 (6th Cir. 2001). Liberally construing Plaintiff's Complaint, it is possible she intended to assert her claims against Timko's Tavern under § 1981.

To state a claim under § 1981 in the non-employment context, the Plaintiff must allege facts showing that: (1) she belongs to a protected class of persons who are subject to discrimination on the basis of their race; (2) she sought to make or enforce a contract for services ordinarily provided by the Defendant; and (3) she was "denied the right to enter into or enjoy the benefits or privileges of the contractual relationship" in that (a) she "was deprived of

services while similarly situated persons outside the protected class were not" or (b) she was treated in a "markedly hostile manner" and in a manner that a reasonable person would find "objectively discriminatory." *Christian*, 252 F.3d at 872; *see also Keck v. Graham Hotel Sys., Inc.*, 566 F.3d 634, 639 (6th Cir. 2009); *Amini*, 440 F.3d at 358.

In this case, Plaintiff alleges she is an African American female, satisfying the first element of the *prima facie* case for a § 1981 claim; however, she does not allege any facts to describe what happened to her in the bar. She merely concludes that she was denied service due to her race and gender. Although disguised as a factual allegation, it is actually a legal conclusion. A pleading that offers only legal conclusions or a simple recitation of the elements of a cause of action does not meet the basic pleading requirements to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678.

## **CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 1/4/16